UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARDO LOPEZ, et al.,

    Plaintiffs,

vs.                                        CASE NO. 8:12-CIV-286-T-17-EAJ

QUEEN'S PIZZA, INC., et al.,

    Defendants.
_____/

## ORDER DENYING MOTION

This cause is before the Court on the Plaintiff's motion to strike Defendants' First, Second, and Third Affirmative Defenses (Doc. 25) and the response thereto (Doc. 30). For the following reasons, the Court denies the motion.

STANDARD OF REVIEW

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." **Royal PalmSav. Ass'n** v. **Pine Trace Corp.,** 716 F. Supp. 1416. 1420 (M.D. Fla. 1989) (quoting **Fla. East Coast Railway Co. v. Peters.** 73 So. 151 (1916)). Federal Rule of Civil Procedure 12 (f) allows a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

While motions to strike are generally disfavored, an affirmative defense will be stricken if it is insufficient as a matter of law. **See Morrison v. Executive Aircraft Refinishing, Inc.,** 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (quoting **Anchor Hocking Corp. v. Jacksonville Elec. Auth.,** 419 F. Supp. 992. 1000 (M.D. Fla. 1976)) (a defense is insufficient as a matter of law if, on the face of the pleading, it is patently frivolous, or if it is clearly invalid as a matter of law). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." **Reyher v. Trans World Airlines, Inc..** 881 F. Supp. 574. 576 (M.D. Fla. 1995) (citing **Augustus v. Board of Public Instruction.** 306 F.2d 862. 868 (5th Cir. 1962)).

1. Defenses One and Two

The Plaintiffs assert that these defenses are invalid because the Department of Labor has stated that they were not a part of the supervised settlement and they provide what they claim to be proof of the same. The Defendants state, and the Court agrees, that there is a factual dispute as to whether or not the plaintiffs were a part of the settlement agreement and it is not something the Court will decide in context of a motion to strike.

2. Defense Three

The Plaintiffs allege that the third defense, related to Plaintiff's claim for liquidated damages, should be stricken as it does not meet the heightened standard for pleading an affirmative defense. The Court finds the Defendant's argument that the third defense is merely pointing out a defect in the plaintiffs' case and is therefore not an affirmative defense persuasive. Accordingly, it is

**ORDERED** that motion to strike Defendants' First, Second, and Third Affirmative Defenses (Doc. 25) be **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 25th day of July, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record